Gregory MOSS, an individual; Gordon L. Horn, an individual; Arnold Bercovitz, an individual; Jane Drake, an individual; Robert J. Schulte, an individual; Allen H. Larson, an individual; Forrest J. McNulty, an individual; Harold W. Smith, an individual; Michael P. Lewis, an individual; Michael Goodman, an individual; Charles G. Zupsich, an individual; Ralph J. Simonelli, an individual; Christopher R. Kluse, an individual; Robert E. Potter, an individual; Mayleen Heisl, an individual; Robert L. McRoy, an individual; Paul J. Musick, an individual; Michael F. Losurdo, an individual; Michael F. Woods, an individual; Roberto F. Benjamin, an individual; Frank J. Thomas, Jr., an individual; Patricia E. Kirkpatrick, an individual; Dale A. Callais, an individual; Vincent Lagioia, an individual, Plaintiffs—Appellants,

v.

TECHNICOLOR INC., a Corporation; International Alliance of Theatrical Stage Employee, Moving Picture Technicians, Artists and Allied Crafts of the United States and Canada, an unincorporated association; Local 683 Laboratory Film/Video Technicians, an unincorporated association; Local 174 Office & Professional Employees International Union, an unincorporated association; Studio Utilities Employees Local 724; Editor's Guild Local 700, fka Local 776/695; Motion Industry Pension & Individual Account Plan, an unincorporated association; Motion Picture Industry Pension Plan, an unincorporated association; Joseph A. Aredas, an individual; Stephanie A. Caprielian, an individual; J. Nicholas Counter, an individual; Steven R. Escovedo, an individual; Hank Lachmund, an individual; Michael P. Messina, an individual; Louis H. Shore, an individual; Stephen P. Taylor, an individual; Marshall Wortman, an individual; Gene Allen, an individual; Earl E. Brendlinger, an individual; Anthony S. Cousimano, an individual; Bruce C. Doering, an individual; Sandra Berke Jordan, an individual; Ronald G. Kutak, an individual; Marlene Mattaschiam, an individual; Patrick

R. Maurice, an individual; Thomas C. Short, an individual; Helayne I. Antier, an individual; Charles Byloos, an individual; Stephen C. Carroll, an individual; Michele Caylor, an individual; Harry G. Issacs, an individual; John M. McLean, an individual; Michael Rosenfeld, an individual; Ted D. Rubin, an individual; William A. Sutman, an individual; Marjo R. Bernay, an individual; James E. Choice, III, an individual; Harry J. Floyd, an individual; Arole J. Frazier, an individual; Pamela E. Mack, an individual; Carmine A. Palazzo, an individual; Leo T. Reed, an individual; Raymond B. Schlllaci, an individual; Mark A Seay, an individual, Defendants—Appellees.

No. 01–56001.

D.C. No. CV–99–05601–WJR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 10, 2002.

Decided Oct. 9, 2002.

Before SCHROEDER, Chief Judge, W. FLETCHER, Circuit Judge, and WEINER,* District Judge.

### MEMORANDUM

As the facts are known to the parties, we do not recite them here except as necessary to explain our decision. We review the district court's grant of summary judgment *de novo. See Delta Sav. Bank v. United States,* 265 F.3d 1017, 1021 (9th Cir.2001). For the reasons that follow, we affirm the judgment of the district court in all respects.

■ In counts one and two of their complaint, plaintiffs allege that defendant Technicolor wrongfully failed to contribute to the Motion Picture Industry Pension Plan ("MPIPP") and the Motion Picture Industry Individual Account Plan ("MPI-IAP") (collectively, the "Industry Plans") on their behalf. The district court dismissed these two claims on the ground that they are subject to the mandatory arbitration provisions of the pertinent collective bargaining agreements ("CBAs").

The CBAs governing plaintiffs' employment all provide for arbitration of "any dispute between the Local Union or any of the persons subject to this Agreement and the Producer [Technicolor] with regard to

wage scales, hours of employment or working conditions or with regard to the interpretation of this Agreement." The term "wages" in a CBA generally encompasses pensions. *See Inland Steel Co.,* 77 NLRB 1 (1948) *enforced,* 170 F.2d 247 (7th Cir. 1948). Arbitration provisions should be construed broadly; "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers v. Warrior and Gulf Navigation Co.,* 363 U.S. 574, 582–83, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *see also id.* at 578, 80 S.Ct. 1347 (broad construction required because a CBA "is a generalized code to govern a myriad of cases which the draftsmen cannot wholly anticipate"); *Phoenix Newspapers, Inc. v. Phoenix Mailers Union,* 989 F.2d 1077, 1080 (9th Cir.1993) (same).

The plaintiffs do not dispute the district court's holding that pension disputes are arbitrable under "wage" provisions of a CBA; rather, they argue that the CBAs cover only "wage scales," which, they contend, is narrower than "wages." Although their argument is bolstered by the fact that the heading "wage scales" as used in the CBAs does seem to pertain only to payment amounts and pay dates, the plaintiffs have not cited, nor have we found, any cases differentiating the term "wage scales" from "wages." Given the preference for construction in favor of arbitration, we affirm the district court's decision.

■ We also affirm the district court's dismissal of count four, because we agree with the district court that the defendant unions did not breach their duty of fair representation to plaintiffs. As the em-

---

* The Honorable Charles R.Weiner, Senior District Judge for the Eastern District of Pennsyl-vania, sitting by designation.

ployees' representative in negotiations with the employer, a union owes to each of its members a duty of fair representation. "[A] union breaches its duty of fair representation if its actions are either 'arbitrary, discriminatory, or in bad faith.'" *Air Line Pilots Assoc. v. O'Neill,* 499 U.S. 65, 67, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991) (quoting *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967)); *see also Conkle v. Jeong,* 73 F.3d 909, 916 (9th Cir.1995) (same). The duty is owed to all members of the bargaining unit, and is "akin to the duty owed by other fiduciaries to their beneficiaries." *O'Neill,* 499 U.S. at 74, 111 S.Ct. 1127.

However, because a union must be given "wide latitude" to accomplish its objectives as a negotiator, a decision will constitute a breach of the duty of fair representation only if it is "so far outside a 'wide range of reasonableness' ... that it is wholly 'irrational' or 'arbitrary.'" *Id.* at 78, 111 S.Ct. 1127 (quoting *Ford Motor Co. v. Huffman,* 345 U.S. 330, 338, 73 S.Ct. 681, 97 L.Ed. 1048 (1953)). *See also Hendricks v. Airline Pilots Assn.,* 696 F.2d 673, 677 (9th Cir.1983) ("The mere existence of ... differences does not make them invalid. A wide range of reasonableness must be allowed.").

Plaintiffs argue that the unions breached the duty of fair representation by negotiating large increases in contributions to the MPIIAP, but negotiating nothing for the plaintiffs. The unions counter that the contributions to the MPIIAP benefitted the majority of their members, and therefore are within the permissible range of reasonableness. Further, the unions argue that because the Residuals funds which comprise the contributions to the MPIIAP come from a pool of several Producers (not just from Technicolor), the unions could not have compelled contribution of the funds to the Technicolor pension

plan. Finally, the unions argue that the "in lieu of" pay increase negotiated on behalf of the plaintiffs indicates that the unions did not neglect to negotiate some benefit on behalf of the plaintiffs. Because the unions' actions are within the "wide range of reasonableness" permissible in the negotiating context, we affirm summary judgment as to claim four.

■ Next, we affirm the district court's holding that the plaintiffs were members of the Technicolor Plan and its grant of summary judgment to defendants Industry Plans and Directors on plaintiffs' claims five and six. The plaintiffs do not dispute that they elected the Technicolor plan. Rather, they argue either that their elections were invalid due to technical deficiencies or that they were induced by fraud. Any technical deficiencies in the participants' election forms cannot reasonably give rise to a question as to their current status, because Technicolor gave effect to the plaintiffs' desire to enroll in the Technicolor plan in spite of the deficiencies. Additionally, plaintiffs never argued, until the recent disparity in plan benefits, that they were not in the plan they had chosen. Thus, the district court did not err in concluding that the plaintiffs did not raise a genuine dispute as to their status as Technicolor plan participants.

■ Finally, we affirm the district court's dismissal without prejudice of claim three. We review for abuse of discretion the district court's decision not to retain supplemental jurisdiction over the plaintiffs' state fraud claim after dismissing the federal claims. *See Brown v. Lucky Stores, Inc.,* 246 F.3d 1182, 1187 (9th Cir. 2001). Plaintiffs' state law claim is a proper subject for supplemental jurisdiction because it arises from the same nucleus of operative facts—the plaintiffs' claim that they should be accorded benefits under the MPIPP and the MPIIAP—as do the feder-

al claims, *see* 28 U.S.C. § 1367(a), but the district court was well within its discretion to refrain from exercising supplemental jurisdiction after dismissing the plaintiffs' other six claims on the merits, *see* § 1367(c).

The district court's dismissal on the merits of claims one, two, four, five, and six is affirmed. The district court's dismissal without prejudice of claim three is also affirmed. The plaintiffs did not pursue on appeal the district court's dismissal of claim seven.

AFFIRMED.